| | | |
|---|---|---|
| ROBIN ESPOSITO<br>3206 Tartarian Court<br>Halethorpe, Maryland 21227 | * | IN THE |
| | * | CIRCUIT COURT |
| Plaintiff, | * | FOR |
| v. | * | BALTIMORE COUNTY |
| ARBUTUS WALMART SUPERCENTER<br>3601 Washington Boulevard<br>Arbutus, Maryland 21227 | * | Case No.: C-03-CV-21-001691 |
|     Serve on:<br>    The Corporation Trust, Inc.<br>    2405 York Road, Suite 201<br>    Lutherville Timonium, Maryland 21093 | * | |
| and | | |
| WALMART STORES EAST, LP<br>702 SW 8th Street<br>Bentonville, Arkansas 72716-0555 | * | |
|     Serve on:<br>    The Corporation Trust, Inc.<br>    2405 York Road, Suite 201<br>    Lutherville Timonium, Maryland 21093 | * | |
| and | * | |
| WALMART, INC.<br>701 South Walden Boulevard<br>Bentonville, Arkansas 72716 | * | |
|     Serve on:<br>    The Corporation Trust, Inc.<br>    2405 York Road, Suite 201<br>    Lutherville Timonium, Maryland 21093 | * | |
| and | * | |
| WALMART ASSOCIATES, INC.<br>702 SW 8th Street<br>Bentonville, Arkansas 72716-0555 | * | |

      Serve on:                                                 \*
      The Corporation Trust, Inc.
      2405 York Road, Suite 201            \*
      Lutherville Timonium, Maryland 21093
                                                      \*

and
                                                                           \*

**WALMART CLAIMS SERVICES, INC.**
702 SW 8th Street                             \*
Bentonville, Arkansas 72716-0555
                                                                  \*

      Serve on:
      The Corporation Trust, Inc.           \*
      2405 York Road, Suite 201
      Lutherville Timonium, Maryland 21093       \*

and                                                                        \*

**WAL-MART.COM USA, LLC**               \*
7000 Marina Boulevard
Brisbane, California 94005                 \*

      Serve on:                                           \*
      The Corporation Trust, Inc.
      2405 York Road, Suite 201            \*
      Lutherville Timonium, Maryland 21093
                                                                   \*

and                                                                     \*

**WAL-MART REAL ESTATE BUSINESS TRUST**
702 SW 8th Street                             \*
Bentonville, Arkansas 72716-0555
                                                                   \*

      Serve on:
      The Corporation Trust, Inc.           \*
      2405 York Road, Suite 201
      Lutherville Timonium, Maryland 21093       \*

and                                                                       \*

**WAL-MART REALTY COMPANY**      \*
702 SW 8th Street
Bentonville, Arkansas 72716-0555         \*

                                                                                               \*

|  |  |
|---|---|
| Serve on:<br>The Corporation Trust, Inc.<br>2405 York Road, Suite 201<br>Lutherville Timonium, Maryland 21093 | *<br>*<br>* |
| and | * |
| WALMART STARCO, LLC<br>702 SW 8th Street<br>Bentonville, Arkansas 72716-0555 | *<br>* |
| Serve on:<br>The Corporation Trust, Inc.<br>2405 York Road, Suite 201<br>Lutherville Timonium, Maryland 21093 | *<br>* |
| Defendants. | * |

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

## COMPLAINT

COMES NOW Robin Esposito, Plaintiff, by counsel, Steven H. Heisler, Esquire and the Law Offices of Steven H. Heisler, and sues Arbutus Walmart Supercenter, Walmart Stores East, LP, Walmart, Inc., Walmart Associates, Inc., Walmart Claims Services, Inc., Wal-Mart.com USA, LLC, Wal-Mart Real Estate Business Trust, Wal-Mart Realty Company and Walmart Starco, LLC, the Defendants, and states as follows:

1. Plaintiff, Robin Esposito (hereinafter "Esposito"), is a resident of Baltimore County in the State of Maryland.

2. Defendant, Walmart Supercenter (hereinafter "Supercenter"), is the owner and/or lessor/lessee of the property and/or premises where the incident described below occurred and conducts business in Arbutus, Maryland, wherein venue is asserted.

3. Defendant, Wal-Mart Stores East, LP (hereinafter "Walmart Stores"), is the owner and/or lessor/lessee of the property and/or premises where the incident described below occurred

and conducts business in Arbutus, Maryland, wherein venue is asserted.

4. Defendant, Wal-Mart, Inc. (hereinafter "Walmart, Inc."), is the owner and/or lessor/lessee of the property and/or premises where the incident described below occurred and conducts business in Arbutus, Maryland, wherein venue is asserted.

5. Defendant, Walmart Associates, Inc. (hereinafter "Associates"), is the owner and/or lessor/lessee of the property and/or premises where the incident described below occurred and conducts business in Arbutus, Maryland, wherein venue is asserted.

6. Defendant, Walmart Claims Services, Inc. (hereinafter "Claims Services"), is the owner and/or lessor/lessee of the property and/or premises where the incident described below occurred and conducts business in Arbutus, Maryland, wherein venue is asserted.

7. Defendant, Wal-Mart.com USA, LLC (hereinafter "Wal-Mart.com"), is the owner and/or lessor/lessee of the property and/or premises where the incident described below occurred and conducts business in Arbutus, Maryland, wherein venue is asserted.

8. Defendant, Wal-Mart Real Estate Business Trust (hereinafter "Business Trust"), is the owner and/or lessor/lessee of the property and/or premises where the incident described below occurred and conducts business in Arbutus, Maryland, wherein venue is asserted.

9. Defendant, Wal-Mart Realty Company (hereinafter "Realty"), is the owner and/or lessor/lessee of the property and/or premises where the incident described below occurred and conducts business in Arbutus, Maryland, wherein venue is asserted.

10. Defendant, Walmart Starco, Inc. (hereinafter "Starco"), is the owner and/or lessor/lessee of the property and/or premises where the incident described below occurred and conducts business in Arbutus, Maryland, wherein venue is asserted.

11. The incident herein described occurred at the Arbutus Walmart Supercenter located at 3601 Washington Boulevard, Arbutus, Maryland 21227.

12. On or about July 12, 2018, Plaintiff Esposito was walking at or near the self-serve water station when she slipped on water and fell, causing her to sustain serious, painful, disabling and permanent injuries in and about the head, body and limbs.

## COUNT I – NEGLIGENCE
### Robin Esposito v. Aberdeen Walmart Supercenter

13. Plaintiff hereby incorporates paragraphs 1-12 as though full set forth herein

14. Defendant Supercenter, through their agents, servants and employees, owed a duty to Plaintiff Esposito as well as all other business invitees, to maintain the premises in a reasonable safe condition and protect Plaintiff and other invitees against injury caused by unreasonable risk, which Plaintiff and others like her, by exercising ordinary care, would not discover.

15. Defendant Supercenter, through their agents, servants and employees, had a further duty to inspect the floors to make certain that it was in good condition and did not present a danger to business invitees of the establishment.

16. Defendant Supercenter, through their agents, servants and employees, knew or should have known that the existing condition of water on the floor in a commonly traveled area would pose a risk of injury to Plaintiff Esposito, as well as to other invitees of the establishment.

17. Defendant Supercenter, through their agents, servants and employees, breached its duty to Plaintiff by: (a) failing to keep and maintain the premises in a safe and reasonable manner; (b) failing to prudently observe and identify the existing condition and the danger it may cause; (c) failing to post proper and legible notices, disclosures or disclaimers in the area adjacent to the site of the accident; and (d) being otherwise careless, negligent and reckless.

18. As a direct and proximate result of this breach of duty on the part of Defendant

Supercenter, through its agents, servants and employees, Plaintiff Esposito was caused to suffer serious, painful, disabling, and permanent bodily injuries in and about the head, body and limbs; has been caused, and will be caused in the future, to suffer great physical pain, mental anguish and injuries to her nerves and nervous system; has been caused, and will continue to be caused in the future, to incur great medical expenses for the care and treatment of her injuries and wounds; has been caused, and will continue to be caused in the future, to be precluded from engaging in and attending to her normal employment, activities, duties and pursuits; has been caused, and will continue to be caused in the future, to expend great sums of money for other expenses incidental to the damages arising out of the occurrence; and Plaintiff was otherwise hurt, injured, and damaged, now and in the future indeterminately.

19. Plaintiff Esposito further avers that none of her losses, damages or injuries is due to any contributory negligence on her part.

WHEREFORE, Plaintiff Robin Esposito demands judgment against Defendants Arbutus Walmart Supercenter, Walmart Stores East, LP, Walmart, Inc., Walmart Associates, Inc., Walmart Claims Services, Inc., Wal-Mart.com USA, LLC, Wal-Mart Real Estate Business Trust, Wal-Mart Realty Company and Walmart Starco, LLC in excess of SEVENTY-FIVE THOUSAND DOLLARS ($75,000.00) in compensatory damages.

### COUNT II – NEGLIGENCE
### Robin Esposito v. Walmart Stores East, LP

20. Plaintiff hereby incorporates paragraphs 1-19 as though full set forth herein.

21. Defendant Walmart Stores, through their agents, servants and employees, owed a duty to Plaintiff Esposito as well as all other business invitees, to maintain the premises in a reasonable safe condition and protect Plaintiff and other invitees against injury caused by unreasonable risk, which Plaintiff and others like her, by exercising ordinary care, would not

discover.

22. Defendant Walmart Stores, through their agents, servants and employees, had a further duty to inspect the floors to make certain that it was in good condition and did not present a danger to business invitees of the establishment.

23. Defendant Walmart Stores, through their agents, servants and employees, knew or should have known that the existing condition of water on the floor in a commonly traveled area would pose a risk of injury to Plaintiff Esposito, as well as to other invitees of the establishment.

24. Defendant Walmart Stores, through their agents, servants and employees, breached its duty to Plaintiff by: (a) failing to keep and maintain the premises in a safe and reasonable manner; (b) failing to prudently observe and identify the existing condition and the danger it may cause; (c) failing to post proper and legible notices, disclosures or disclaimers in the area adjacent to the site of the accident; and (d) being otherwise careless, negligent and reckless.

25. As a direct and proximate result of this breach of duty on the part of Defendant Walmart Stores through its agents, servants and employees, Plaintiff Esposito was caused to suffer serious, painful, disabling, and permanent bodily injuries in and about the head, body and limbs; has been caused, and will be caused in the future, to suffer great physical pain, mental anguish and injuries to her nerves and nervous system; has been caused, and will continue to be caused in the future, to incur great medical expenses for the care and treatment of her injuries and wounds; has been caused, and will continue to be caused in the future, to be precluded from engaging in and attending to her normal employment, activities, duties and pursuits; has been caused, and will continue to be caused in the future, to expend great sums of money for other expenses incidental to the damages arising out of the occurrence; and Plaintiff was otherwise hurt, injured, and damaged, now and in the future indeterminately.

26. Plaintiff Esposito further avers that none of her losses, damages or injuries is due to any contributory negligence on her part.

WHEREFORE, Plaintiff Robin Esposito demands judgment against Defendants Arbutus Walmart Supercenter, Walmart Stores East, LP, Walmart, Inc., Walmart Associates, Inc., Walmart Claims Services, Inc., Wal-Mart.com USA, LLC, Wal-Mart Real Estate Business Trust, Wal-Mart Realty Company and Walmart Starco, LLC in excess of SEVENTY-FIVE THOUSAND DOLLARS ($75,000.00) in compensatory damages.

## COUNT III – NEGLIGENCE
### Robin Esposito v. Walmart, Inc.

27. Plaintiff hereby incorporates paragraphs 1-26 as though full set forth herein.

28. Defendant Walmart, Inc., through their agents, servants and employees, owed a duty to Plaintiff Esposito as well as all other business invitees, to maintain the premises in a reasonable safe condition and protect Plaintiff and other invitees against injury caused by unreasonable risk, which Plaintiff and others like her, by exercising ordinary care, would not discover.

29. Defendant Walmart, Inc., through their agents, servants and employees, had a further duty to inspect the floors to make certain that it was in good condition and did not present a danger to business invitees of the establishment.

30. Defendant Walmart, Inc., through their agents, servants and employees, knew or should have known that the existing condition of water on the floor in a commonly traveled area would pose a risk of injury to Plaintiff Esposito, as well as to other invitees of the establishment.

31. Defendant Walmart, Inc., through their agents, servants and employees, breached its duty to Plaintiff by: (a) failing to keep and maintain the premises in a safe and reasonable manner; (b) failing to prudently observe and identify the existing condition and the danger it may cause; (c) failing to post proper and legible notices, disclosures or disclaimers in the area

adjacent to the site of the accident; and (d) being otherwise careless, negligent and reckless.

32. As a direct and proximate result of this breach of duty on the part of Defendant Walmart, Inc., through its agents, servants and employees, Plaintiff Esposito was caused to suffer serious, painful, disabling, and permanent bodily injuries in and about the head, body and limbs; has been caused, and will be caused in the future, to suffer great physical pain, mental anguish and injuries to her nerves and nervous system; has been caused, and will continue to be caused in the future, to incur great medical expenses for the care and treatment of her injuries and wounds; has been caused, and will continue to be caused in the future, to be precluded from engaging in and attending to her normal employment, activities, duties and pursuits; has been caused, and will continue to be caused in the future, to expend great sums of money for other expenses incidental to the damages arising out of the occurrence; and Plaintiff was otherwise hurt, injured, and damaged, now and in the future indeterminately.

33. Plaintiff Esposito further avers that none of her losses, damages or injuries is due to any contributory negligence on her part.

WHEREFORE, Plaintiff Robin Esposito demands judgment against Defendants Arbutus Walmart Supercenter, Walmart Stores East, LP, Walmart, Inc., Walmart Associates, Inc., Walmart Claims Services, Inc., Wal-Mart.com USA, LLC, Wal-Mart Real Estate Business Trust, Wal-Mart Realty Company and Walmart Starco, LLC in excess of SEVENTY-FIVE THOUSAND DOLLARS ($75,000.00) in compensatory damages.

### COUNT IV – NEGLIGENCE
### Robin Esposito v. Walmart Associates, Inc.

34. Plaintiff hereby incorporates paragraphs 1-33 as though full set forth herein

35. Defendant Associates, through their agents, servants and employees, owed a duty to Plaintiff Esposito as well as all other business invitees, to maintain the premises in a reasonable safe

condition and protect Plaintiff and other invitees against injury caused by unreasonable risk, which Plaintiff and others like her, by exercising ordinary care, would not discover.

36. Defendant Associates, through their agents, servants and employees, had a further duty to inspect the floors to make certain that it was in good condition and did not present a danger to business invitees of the establishment.

37. Defendant Associates, through their agents, servants and employees, knew or should have known that the existing condition of water on the floor in a commonly traveled area would pose a risk of injury to Plaintiff Esposito, as well as to other invitees of the establishment.

38. Defendant Associates, through their agents, servants and employees, breached its duty to Plaintiff by: (a) failing to keep and maintain the premises in a safe and reasonable manner; (b) failing to prudently observe and identify the existing condition and the danger it may cause; (c) failing to post proper and legible notices, disclosures or disclaimers in the area adjacent to the site of the accident; and (d) being otherwise careless, negligent and reckless.

39. As a direct and proximate result of this breach of duty on the part of Defendant Associates, through its agents, servants and employees, Plaintiff Esposito was caused to suffer serious, painful, disabling, and permanent bodily injuries in and about the head, body and limbs; has been caused, and will be caused in the future, to suffer great physical pain, mental anguish and injuries to her nerves and nervous system; has been caused, and will continue to be caused in the future, to incur great medical expenses for the care and treatment of her injuries and wounds; has been caused, and will continue to be caused in the future, to be precluded from engaging in and attending to her normal employment, activities, duties and pursuits; has been caused, and will continue to be caused in the future, to expend great sums of money for other expenses incidental to the damages arising out of the occurrence; and Plaintiff was otherwise hurt, injured,

and damaged, now and in the future indeterminately.

40. Plaintiff Esposito further avers that none of her losses, damages or injuries is due to any contributory negligence on her part.

WHEREFORE, Plaintiff Robin Esposito demands judgment against Defendants Arbutus Walmart Supercenter, Walmart Stores East, LP, Walmart, Inc., Walmart Associates, Inc., Walmart Claims Services, Inc., Wal-Mart.com USA, LLC, Wal-Mart Real Estate Business Trust, Wal-Mart Realty Company and Walmart Starco, LLC in excess of SEVENTY-FIVE THOUSAND DOLLARS ($75,000.00) in compensatory damages.

## COUNT V – NEGLIGENCE
### Robin Esposito v. Walmart Claims Services, Inc.

41. Plaintiff hereby incorporates paragraphs 1-40 as though full set forth herein

42. Defendant Claims Services, through their agents, servants and employees, owed a duty to Plaintiff Esposito as well as all other business invitees, to maintain the premises in a reasonable safe condition and protect Plaintiff and other invitees against injury caused by unreasonable risk, which Plaintiff and others like her, by exercising ordinary care, would not discover.

43. Defendant Claims Services, through their agents, servants and employees, had a further duty to inspect the floors to make certain that it was in good condition and did not present a danger to business invitees of the establishment.

44. Defendant Claims Services, through their agents, servants and employees, knew or should have known that the existing condition of water on the floor in a commonly traveled area would pose a risk of injury to Plaintiff Esposito, as well as to other invitees of the establishment.

45. Defendant Claims Services, through their agents, servants and employees, breached its duty to Plaintiff by: (a) failing to keep and maintain the premises in a safe and reasonable

manner; (b) failing to prudently observe and identify the existing condition and the danger it may cause; (c) failing to post proper and legible notices, disclosures or disclaimers in the area adjacent to the site of the accident; and (d) being otherwise careless, negligent and reckless.

46. As a direct and proximate result of this breach of duty on the part of Defendant Claims Services, through its agents, servants and employees, Plaintiff Esposito was caused to suffer serious, painful, disabling, and permanent bodily injuries in and about the head, body and limbs; has been caused, and will be caused in the future, to suffer great physical pain, mental anguish and injuries to her nerves and nervous system; has been caused, and will continue to be caused in the future, to incur great medical expenses for the care and treatment of her injuries and wounds; has been caused, and will continue to be caused in the future, to be precluded from engaging in and attending to her normal employment, activities, duties and pursuits; has been caused, and will continue to be caused in the future, to expend great sums of money for other expenses incidental to the damages arising out of the occurrence; and Plaintiff was otherwise hurt, injured, and damaged, now and in the future indeterminately.

47. Plaintiff Esposito further avers that none of her losses, damages or injuries is due to any contributory negligence on her part.

WHEREFORE, Plaintiff Robin Esposito demands judgment against Defendants Arbutus Walmart Supercenter, Walmart Stores East, LP, Walmart, Inc., Walmart Associates, Inc., Walmart Claims Services, Inc., Wal-Mart.com USA, LLC, Wal-Mart Real Estate Business Trust, Wal-Mart Realty Company and Walmart Starco, LLC in excess of SEVENTY-FIVE THOUSAND DOLLARS ($75,000.00) in compensatory damages.

### COUNT VI – NEGLIGENCE
### Robin Esposito v. Wal-Mart.com USA, LLC

48. Plaintiff hereby incorporates paragraphs 1-47 as though full set forth herein

49. Defendant Wal-Mart.com, through their agents, servants and employees, owed a duty to Plaintiff Esposito as well as all other business invitees, to maintain the premises in a reasonable safe condition and protect Plaintiff and other invitees against injury caused by unreasonable risk, which Plaintiff and others like her, by exercising ordinary care, would not discover.

50. Defendant Wal-Mart.com, through their agents, servants and employees, had a further duty to inspect the floors to make certain that it was in good condition and did not present a danger to business invitees of the establishment.

51. Defendant Wal-Mart.com, through their agents, servants and employees, knew or should have known that the existing condition of water on the floor in a commonly traveled area would pose a risk of injury to Plaintiff Esposito, as well as to other invitees of the establishment.

52. Defendant Wal-Mart.com, through their agents, servants and employees, breached its duty to Plaintiff by: (a) failing to keep and maintain the premises in a safe and reasonable manner; (b) failing to prudently observe and identify the existing condition and the danger it may cause; (c) failing to post proper and legible notices, disclosures or disclaimers in the area adjacent to the site of the accident; and (d) being otherwise careless, negligent and reckless.

53. As a direct and proximate result of this breach of duty on the part of Defendant Wal-Mart.com, through its agents, servants and employees, Plaintiff Esposito was caused to suffer serious, painful, disabling, and permanent bodily injuries in and about the head, body and limbs; has been caused, and will be caused in the future, to suffer great physical pain, mental anguish and injuries to her nerves and nervous system; has been caused, and will continue to be caused in the future, to incur great medical expenses for the care and treatment of her injuries and wounds; has been caused, and will continue to be caused in the future, to be precluded from engaging in

and attending to her normal employment, activities, duties and pursuits; has been caused, and will continue to be caused in the future, to expend great sums of money for other expenses incidental to the damages arising out of the occurrence; and Plaintiff was otherwise hurt, injured, and damaged, now and in the future indeterminately.

54. Plaintiff Esposito further avers that none of her losses, damages or injuries is due to any contributory negligence on her part.

WHEREFORE, Plaintiff Robin Esposito demands judgment against Defendants Arbutus Walmart Supercenter, Walmart Stores East, LP, Walmart, Inc., Walmart Associates, Inc., Walmart Claims Services, Inc., Wal-Mart.com USA, LLC, Wal-Mart Real Estate Business Trust, Wal-Mart Realty Company and Walmart Starco, LLC in excess of SEVENTY-FIVE THOUSAND DOLLARS ($75,000.00) in compensatory damages.

## COUNT VII – NEGLIGENCE
### Robin Esposito v. Wal-Mart Real Estate Business Trust

55. Plaintiff hereby incorporates paragraphs 1-54 as though full set forth herein.

56. Defendant Business Trust, through their agents, servants and employees, owed a duty to Plaintiff Esposito as well as all other business invitees, to maintain the premises in a reasonable safe condition and protect Plaintiff and other invitees against injury caused by unreasonable risk, which Plaintiff and others like her, by exercising ordinary care, would not discover.

57. Defendant Business Trust, through their agents, servants and employees, had a further duty to inspect the floors to make certain that it was in good condition and did not present a danger to business invitees of the establishment.

58. Defendant Business Trust, through their agents, servants and employees, knew or should have known that the existing condition of water on the floor in a commonly traveled area

would pose a risk of injury to Plaintiff Esposito, as well as to other invitees of the establishment.

59. Defendant Business Trust, through their agents, servants and employees, breached its duty to Plaintiff by: (a) failing to keep and maintain the premises in a safe and reasonable manner; (b) failing to prudently observe and identify the existing condition and the danger it may cause; (c) failing to post proper and legible notices, disclosures or disclaimers in the area adjacent to the site of the accident; and (d) being otherwise careless, negligent and reckless.

60. As a direct and proximate result of this breach of duty on the part of Defendant Business Trust, through its agents, servants and employees, Plaintiff Esposito was caused to suffer serious, painful, disabling, and permanent bodily injuries in and about the head, body and limbs; has been caused, and will be caused in the future, to suffer great physical pain, mental anguish and injuries to her nerves and nervous system; has been caused, and will continue to be caused in the future, to incur great medical expenses for the care and treatment of her injuries and wounds; has been caused, and will continue to be caused in the future, to be precluded from engaging in and attending to her normal employment, activities, duties and pursuits; has been caused, and will continue to be caused in the future, to expend great sums of money for other expenses incidental to the damages arising out of the occurrence; and Plaintiff was otherwise hurt, injured, and damaged, now and in the future indeterminately.

61. Plaintiff Esposito further avers that none of her losses, damages or injuries is due to any contributory negligence on her part.

WHEREFORE, Plaintiff Robin Esposito demands judgment against Defendants Arbutus Walmart Supercenter, Walmart Stores East, LP, Walmart, Inc., Walmart Associates, Inc., Walmart Claims Services, Inc., Wal-Mart.com USA, LLC, Wal-Mart Real Estate Business Trust, Wal-Mart Realty Company and Walmart Starco, LLC in excess of SEVENTY-FIVE THOUSAND

DOLLARS ($75,000.00) in compensatory damages.

### COUNT VIII – NEGLIGENCE
### Robin Esposito v. Wal-Mart Realty Company

62. Plaintiff hereby incorporates paragraphs 1-61 as though full set forth herein

63. Defendant Realty, through their agents, servants and employees, owed a duty to Plaintiff Esposito as well as all other business invitees, to maintain the premises in a reasonable safe condition and protect Plaintiff and other invitees against injury caused by unreasonable risk, which Plaintiff and others like her, by exercising ordinary care, would not discover.

64. Defendant Realty, through their agents, servants and employees, had a further duty to inspect the floors to make certain that it was in good condition and did not present a danger to business invitees of the establishment.

65. Defendant Realty, through their agents, servants and employees, knew or should have known that the existing condition of water on the floor in a commonly traveled area would pose a risk of injury to Plaintiff Esposito, as well as to other invitees of the establishment.

66. Defendant Realty, through their agents, servants and employees, breached its duty to Plaintiff by: (a) failing to keep and maintain the premises in a safe and reasonable manner; (b) failing to prudently observe and identify the existing condition and the danger it may cause; (c) failing to post proper and legible notices, disclosures or disclaimers in the area adjacent to the site of the accident; and (d) being otherwise careless, negligent and reckless.

67. As a direct and proximate result of this breach of duty on the part of Defendant Realty, through its agents, servants and employees, Plaintiff Esposito was caused to suffer serious, painful, disabling, and permanent bodily injuries in and about the head, body and limbs; has been caused, and will be caused in the future, to suffer great physical pain, mental anguish and injuries to her nerves and nervous system; has been caused, and will continue to be caused in the future,

to incur great medical expenses for the care and treatment of her injuries and wounds; has been caused, and will continue to be caused in the future, to be precluded from engaging in and attending to her normal employment, activities, duties and pursuits; has been caused, and will continue to be caused in the future, to expend great sums of money for other expenses incidental to the damages arising out of the occurrence; and Plaintiff was otherwise hurt, injured, and damaged, now and in the future indeterminately.

68. Plaintiff Esposito further avers that none of her losses, damages or injuries is due to any contributory negligence on her part.

WHEREFORE, Plaintiff Robin Esposito demands judgment against Defendants Arbutus Walmart Supercenter, Walmart Stores East, LP, Walmart, Inc., Walmart Associates, Inc., Walmart Claims Services, Inc., Wal-Mart.com USA, LLC, Wal-Mart Real Estate Business Trust, Wal-Mart Realty Company and Walmart Starco, LLC in excess of SEVENTY-FIVE THOUSAND DOLLARS ($75,000.00) in compensatory damages.

### COUNT IX – NEGLIGENCE
### Robin Esposito v. Walmart Starco, Inc.

69. Plaintiff hereby incorporates paragraphs 1-68 as though full set forth herein

70. Defendant Starco, through their agents, servants and employees, owed a duty to Plaintiff Esposito as well as all other business invitees, to maintain the premises in a reasonable safe condition and protect Plaintiff and other invitees against injury caused by unreasonable risk, which Plaintiff and others like her, by exercising ordinary care, would not discover.

71. Defendant Starco, through their agents, servants and employees, had a further duty to inspect the floors to make certain that it was in good condition and did not present a danger to business invitees of the establishment.

72. Defendant Starco, through their agents, servants and employees, knew or should

have known that the existing condition of water on the floor in a commonly traveled area would pose a risk of injury to Plaintiff Esposito, as well as to other invitees of the establishment.

73. Defendant Starco, through their agents, servants and employees, breached its duty to Plaintiff by: (a) failing to keep and maintain the premises in a safe and reasonable manner; (b) failing to prudently observe and identify the existing condition and the danger it may cause; (c) failing to post proper and legible notices, disclosures or disclaimers in the area adjacent to the site of the accident; and (d) being otherwise careless, negligent and reckless.

74. As a direct and proximate result of this breach of duty on the part of Defendant Starco, through its agents, servants and employees, Plaintiff Esposito was caused to suffer serious, painful, disabling, and permanent bodily injuries in and about the head, body and limbs; has been caused, and will be caused in the future, to suffer great physical pain, mental anguish and injuries to her nerves and nervous system; has been caused, and will continue to be caused in the future, to incur great medical expenses for the care and treatment of her injuries and wounds; has been caused, and will continue to be caused in the future, to be precluded from engaging in and attending to her normal employment, activities, duties and pursuits; has been caused, and will continue to be caused in the future, to expend great sums of money for other expenses incidental to the damages arising out of the occurrence; and Plaintiff was otherwise hurt, injured, and damaged, now and in the future indeterminately.

75. Plaintiff Esposito further avers that none of her losses, damages or injuries is due to any contributory negligence on her part.

WHEREFORE, Plaintiff Robin Esposito demands judgment against Defendants Arbutus Walmart Supercenter, Walmart Stores East, LP, Walmart, Inc., Walmart Associates, Inc., Walmart Claims Services, Inc., Wal-Mart.com USA, LLC, Wal-Mart Real Estate Business Trust, Wal-Mart

Realty Company and Walmart Starco, LLC in excess of SEVENTY-FIVE THOUSAND DOLLARS ($75,000.00) in compensatory damages.

Respectfully submitted,

/s/ *Steve Heisler*
Steven H. Heisler, Esquire
CPF No.: 8812150283
Law Office of Steven H. Heisler
1011 N. Calvert Street
Baltimore, MD 21202
410-625-4878 (Phone)
410-659-7111 (Fax)
sheisler@injurylawyermd.com
*Counsel for Plaintiff*