| | | |
|---|---|---|
| ROBIN ESPOSITO, | * | IN THE |
| Plaintiff, | * | UNITED STATES DISTRICT COURT |
| v. | * | FOR THE |
| WALMART INC., et al. | * | DISTRICT OF MARYLAND |
| Defendants. | * | NORTHERN DIVISION |
| | * | CASE NO.: 1:21-cv-01511-JMC |

## PLAINTIFF'S MOTION IN LIMINE TO EXCLUDE PLAINTIFF'S PAST MEDICAL BILLS AND EXPENSES

Now comes, Plaintiff, Robin Esposito, by and through her undersigned counsel, and hereby files this Motion in Limine to prohibit Defendants and their counsel from introducing Plaintiff's past medical bills and/or expenses into evidence, or referring to the amount of her medical bills or the cost of her treatment in this case, at any time in trial in this case, including opening statement and closing argument. In support of this Motion, Plaintiff states:

1. Ms. Esposito will not be claiming as damages the amount of past medical expenses she incurred for the care and treatment of injuries sustained on July 12, 2018. While there will be evidence of the medical care and treatment that the Plaintiff received after the incident, she will be seeking only past, present and any future non-economic damages. Plaintiff's non-economic damages will be proven by her testimony, the testimony of lay witnesses and the testimony of other evidence from physicians and/or health care providers regarding her injuries and the treatment of the same.

2. The Maryland Court of Special Appeals has held that a plaintiffs medical bills are irrelevant to the determination of non-economic damages. *Wright v. Hixon,* 42 Md. App. 448, 456 (1979). There, the Court of Special Appeals ruled on this issue as

follows:

> "Finally, the appellant contends that the trial judge erred in not permitting the appellant to offer into evidence the medical bills received from the attending physician to corroborate the extent of his pain and suffering. We find no merit in this contention. **We see no relevance in the submission of a bill for services submitted by a physician to the severity of appellant's pain and suffering.**"

(emphasis supplied). For the same reason stated by the Court in *Hixon,* Plaintiffs medical bills should not be introduced or referenced at trial in determining the nature, extent and amount of her non-economic damages in this case.

3. Because Plaintiff is not claiming the amounts of her past medical bills and expenses as an item of damage at trial, and because there is no relevant or logical connection between the amount billed, charged or paid for any medical serviced rendered to her, and the non-economic damage and losses that have been caused by, and have resulted from, Ms. Esposito' bodily injuries, the bills (the documents themselves), the amounts (individually, or as a whole), and the fact that some of them were paid by an insurer, are all totally irrelevant to the claims being made In this case, as they do not have "…any tendency to make the existence of any fact that is of consequence to the determination of action more probable or less probable than it would be without the evidence." *Md. Rule of Evidence 5-402*. Because any evidence of Plaintiff's past economic losses is not relevant, it is not admissible. *Id.*

4. In addition to controlling Maryland case law precedent, this very same issue also was considered by the United States District Court for the Eastern District of Virginia in the case of *Payne v. Wyeth Pharmaceutical's Inc.,* 2008 WL 4890760 (E.D. VA 2008). While not binding in Maryland, the thorough analysis conducted by the *Payne* court is certainly instructive in this case. In *Payne,* the plaintiff filed for Chapter 7 bankruptcy nine months after

being involved in a motor vehicle collision with a driver of a vehicle owned by Wyeth Pharmaceuticals. *Id.* at i). Payne listed his pre-bankruptcy petition medical bills in his bankruptcy schedules and Wyeth alleged that Payne omitted some of his pre-bankruptcy petition medical bills. *Id.* The bankruptcy court discharged Payne's debt on April 7, 2008, approximately a month after Payne filed a personal injury suit against Wyeth. *Id.* To support his claim for pain and suffering, Payne intended to introduce his medical bills into evidence. Wyeth moved *in limine* to have them excluded on the ground that they were irrelevant to prove pain and suffering. The *Payne* court ruled on this issue as follows:

> The Court holds that the medical bills are not relevant to pain and suffering. In reaching this conclusion, the Court is persuaded by the analysis of *Carlson v. Bubash,* 639 A.2d 458, 462 (Pa. 1994). As that court reasoned:
>
> **It is immediately apparent that there is no logical or experiential correlation between the monetary value of medical services required to treat a given injury and the quantum of pain and suffering endured as a result of that injury.**

First, the mere dollar amount assigned to medical services masks the difference in severity between various types of injuries. A very painful injury may be untreatable, or, on the other hand, may require simpler and less costly treatment than a less painful one. The same disparity in treatment may exist between different but equally painful injuries. Second, given identical injuries, the method or extent of treatment sought by the patient or prescribed by the physician, may vary from patient to patient and from physician to physician. Third, even where injury and treatment are identical, the reasonable value of that treatment may vary considerably depending upon the medical facility and community

in which care is provided and the rates of physicians and other health care personnel involved. Finally, even given identical injuries, treatment and cost, the fact remains that pain in subjective and varies from individual to individual. *See Payne.* (footnote omitted; emphasis supplied). The Court in *Payne* continued:

> Furthermore, a "single figure representing the total amount of an individual's medical bills does not demonstrate the number of times the person received treatment or the nature of the treatment." *Barkley,* 595 S.E.2d at 274-75. (Kinser, J., concurring in part and dissenting in part)("In some instances, one noninvasive diagnostic test can cost as much as many visits to a physical therapist or chiropractor."). **Therefore, the medical bills have no tendency to establish Payne's claim that he experienced pain and suffering as a result of the accident. The Court accordingly holds that the medical bills are inadmissible pursuant to Fed. R. Evid. 401 and 402.**

*Id.* (emphasis supplied). Of course, those Rules are the equivalent of the Maryland Rules of Evidence, 5-401 and 5-402.

5.    As noted in *Payne,* there is no "logical connection" between the amounts of medical bills incurred by Plaintiff and the pain and suffering caused by her injuries. Even assuming, without agreeing, that the past medical bills were somehow relevant, the court should still preclude them as evidence pursuant to the provisions of Md. Rule 5-403, because any probative value they have is "substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury." The Payne court addressed this issue as well:

> Even if the Court were to conclude the medical bills are relevant and admissible, the medical bills are nevertheless inadmissible pursuant to Fed. R. Evid. 403. "Although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence." Fed. R. Evid. 403.

> Here, there is a substantial possibility of jury confusion if the medical bills were introduced to prove pain and suffering. The jury may be tempted to treat the medical bills as recoverable special damages rather than to only assess the medical bills as evidence that Payne experienced pain and suffering.
>
> The jury may also be confused by the medical bills' characterization of the treatment Payne allegedly underwent because the treatment is described in the bills in summary, imprecise terms. These ill-defined terms, presented right beside their cost in dollar figures, with little explanation to guide the jury, would unfairly prejudice Wyeth Pharmaceuticals. To cure this prejudice, and thus to clarify the meaning of the terms in the medical bills, Payne would likely have to call a witness from each medical office from which a bill was issued to testify regarding, among other things, the terms of the bill and whether a doctor or administrator labeled the procedures and treatments. Such a process could unduly delay the trial.
>
> **Furthermore, introduction of the medical bills into evidence would be overly cumulative: whatever tendency they would have to prove pain and suffering may already be amply demonstrated by other, more probative evidence, such as the testimony of Payne and his doctors. On the other side of the scale, the medical bills are of limited probative value for many of the reasons discussed in the relevance analysis, *supra*. For all these reasons individually, and for all of them together, the Court holds that Payne's medical bills fail Rule 403 analysis and are therefore inadmissible to prove pain and suffering.**

*See Id.* (footnote omitted; emphasis supplied).

6.   Because Plaintiffs past medical bills are not being claimed as an item of damage in this case, they will not be offered as evidence or introduced at trial. Because there will be no jury instruction about them, any mention of those bills will confuse the jury about the true issues they will have to decide and because they will not be instructed on how to consider the amounts of the bills. Further, introducing the past medical expenses would unfairly prejudice Plaintiff because of the risk that the jurors would substitute the bill amounts for any award

for her pain and suffering and/or improperly attempt to use, at the suggestion of the Defendant, her past medical expenses, and the amount of medical care that she received after the incident, as a basis to establish the amount to be awarded for her non-economic damages for pain and suffering. As recognized by the *Payne* court, "there is no logical or experiential correlation between the monetary value of medical services required to treat a given injury and the quantum of pain and suffering endured as a result of that injury." *Id.* at 6.

7. The *Payne* decision is consistent with the decision of the Court of Special Appeals in *Wright, supra.* To this end, the Defendants should also be precluded from making any statements, suggestions or arguments that the jury should base their damage award for Plaintiffs "pain and suffering" on the amount of the medical bills that she already has incurred following the motor vehicle accident in this case. The evidence at trial will address the injuries that Plaintiff suffered in the subject personal injury and will be limited to that issue. The expert testimony will establish that Plaintiff suffered injuries which include injuries to her cervical spine which required her to have surgery; and injuries to her left shoulder and left arm. The cost of her medical care is totally irrelevant to the issue of her non-economic damages. It would, therefore, be improper and prejudicial to the Plaintiff if the Defendant was permitted to argue, imply or suggest in any way that Plaintiffs "pain and suffering," or other non-economic damages should be based on the value of the past medical care provided to her, or on the amount of the medical expenses that she incurred following the motor vehicle accident that is the subject of this action.

## CONCLUSION

Plaintiff respectfully requests that this Honorable Court grant this Motion in *Limine* and prohibit **both** the introduction of any of Plaintiffs past medical bills into evidence, as well

as any suggestion of, or reference to, argument by the Defendant and/or Defendant's attorney that is based on the amount of the Plaintiffs past medical bills in this case, and/or for any reference to Plaintiffs past medical bills at any time during the trial of this case, including opening statement and closing argument.

Respectfully submitted,

/s/ Steve Heisler
Steven H. Heisler, Esquire
CPF#8812150283
Law Offices of Steven H. Heisler
1011 N. Calvert Street
Baltimore, Maryland 21201
sheisler@injurylawyermd.com
410-625-4878 phone
410-659-7111 fax
*Counsel for Plaintiff*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 15th day of December 2021, a copy of Plaintiff's Motion in Limine to Exclude Plaintiff's Past Medical Bills and Expenses, was mailed via first class mail, postage prepaid to:

Christopher R. Dunn
17251 Medford Boulevard, Suite 200
Bowie, Maryland 20715
*Counsel for Defendant*

/s/ Steve Heisler
Steven H. Heisler, Esquire
