IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| ROBIN ESPOSITO | * | |
| | * | |
| Plaintiff, | * | **Case No.: 1:21-cv-01511-JMC** |
| | * | |
| v. | * | |
| | * | |
| WALMART INC., *et al.* | * | |
| | * | |
| Defendants. | * | |

**DEFENDANTS WALMART INC. AND WALMART STORE EAST, LP'S OPPOSITION TO PLAINTIFF'S MOTION IN LIMINE TO EXCLUDE EVIDENCE OF PLAINTIFF'S MEDICAL BILLS**

COME NOW the Defendants, Walmart Inc. and Walmart Stores East, LP (hereinafter "Walmart"), by and through undersigned counsel, and hereby submit this Opposition to Plaintiff's Motion *in Limine* to exclude evidence of Plaintiff's past medical bills and expenses, and in support thereof state as follows:

**I.    Introduction**

Plaintiff filed a Motion *in Limine* to preclude Defendants from presenting any evidence of Plaintiff's medical bills and expenses. Plaintiff argues that:

> [w]hile there will be evidence of the medical care and treatment that the Plaintiff received after the incident, she will be seeking only past, present and any future non-economic damages." contends that past medical bills are not relevant because Plaintiff "will be seeking only past, present, and any future non-economic damages. Plaintiff's non-economic damages will be proven by her testimony, the testimony of law witnesses and testimony of other evidence from physicians and/or health care providers regarding her injuries and the treatment of the same.

DeCARO, DORAN,
SICILIANO, GALLAGHER,
& DeBLASIS, LLP
_____
17251 MELFORD BOULEVARD
SUITE 200
BOWIE, MD 20715
TELEPHONE: (301) 352-4950
FAX: (301) 352-8691
_____
3050 CHAIN BRIDGE ROAD
SUITE 300
FAIRFAX, VIRGINIA 22030
TELEPHONE: (703) 255-6667
FAX: (703) 299-8548

(See Plaintiff's Motion, page 1.) Plaintiff's sole purpose in filing the instant Motion is to deceive the jury in an attempt to increase the value of her case. Plaintiff is informing the court that they intend to call treating health care providers to present the select information they seek to elicit, but do not want the defense to be able to effectively cross-examine the witnesses that Plaintiff selectively calls as witnesses in this case.

**II.    Argument**

**A. Plaintiff's Motion Seeks to Preclude Relevant Evidence**

The amount of medical expenses incurred is directly relevant to assessing the nature and extent of Plaintiff's injuries for past, present, and future non-economic. As stated by the Supreme Court of Alaska in Luther v. Lander, "the amount expended on medical treatment after an accident may bear on the severity of the plaintiff's injuries . . . Courts in other jurisdictions have addressed this issue and concluded that evidence of medical expenses is admissible when it is relevant to the severity of an injury." 373 P.3d 495, 501 (Alaska 2016). In Brice v. Nat'l R. Passenger Corp., the U.S. District Court for the District of Maryland found that the amount of medical expenses incurred was relevant to "the determination of the full extent and nature of the plaintiff's injuries." 664 F. Supp. 220, 224 (D. Md. 1987). Despite the fact that plaintiff was not entitled to recover his medical bills in Brice, the court denied defendant's motion *in limine* to preclude plaintiff's medical bills. Instead, the court ruled "the plaintiff may introduce evidence respecting bills or expenses for medical care and treatment incurred. But, defendant may introduce evidence that demonstrates the extent to which plaintiff's expenses have been paid." *Id*.

DeCARO, DORAN,
SICILIANO, GALLAGHER,
& DeBLASIS, LLP
_____
17251 MELFORD BOULEVARD
SUITE 200
BOWIE, MD 20715
TELEPHONE: (301) 352-4950
FAX: (301) 352-8691
_____
3050 CHAIN BRIDGE ROAD
SUITE 300
FAIRFAX, VIRGINIA 22030
TELEPHONE: (703) 255-6667
FAX: (703) 299-8548

Plaintiff has improperly cherry-picked language from the last paragraph of the case of Wright v. Hixon, 42 Md. App. 448, 400 A.2d 1138 (1978) to support his claim that medical bills do not corroborate pain and suffering.. The primary issue in Wright was whether the trial court erred in directing a verdict for the defense on liability. The last issue considered by the court was whether the plaintiff should have been allowed to offer into evidence medical bills received from an attending physician. That ruling does not address whether the defense may submit evidence of the cost of medical treatment to enable the jury to objectively consider the injury sustained. Moreover, the Wright decision certainly does not support the proposition that the plaintiff is permitted to present evidence of medical treatment while the defense is precluded from presenting evidence as to the cost of such treatment or arguing as to the plaintiff's decision not to seek to recover such costs.

The Plaintiff also cites to the Virginia case of Payne v. Wyeth Pharms., Inc., 2008 U.S. Dist. LEXIS 91849 (E.D. VA 2008), which is also inapplicable. The Payne case considered the motion of the defendant to exclude introduction of medical bills which were discharged in bankruptcy. The motion was filed on the basis that medical bills that were discharged in bankruptcy and thus not admissible to prove special damages. The court concluded that the bills were not admissible because the collateral source rule did not apply to medical bills that had been discharged in bankruptcy. The court further held that the bills were not admissible by the plaintiff to show his pain and suffering. The court also explained that the bills themselves may be confusing to the jury and "the jury may be tempted to treat the medical bills as recoverable special damages rather than to only assess the medical bills as evidence that Payne experienced pain and suffering." *Id*. at 20. In the instant case, the jury may be tempted to speculate as to the cost of medical treatment if the defense is not

DeCARO, DORAN,
SICILIANO, GALLAGHER,
& DeBLASIS, LLP
———
17251 MELFORD BOULEVARD
SUITE 200
BOWIE, MD 20715
TELEPHONE: (301) 352-4950
FAX: (301) 352-8691
———
3050 CHAIN BRIDGE ROAD
SUITE 300
FAIRFAX, VIRGINIA 22030
TELEPHONE: (703) 255-6667
FAX: (703) 299-8548

permitted to present the cost of the treatment or argument as to Plaintiff's decision not to seek to recover the cost of such treatment. Moreover in Payne, the court noted that the bills were confusing as the treatment was described in "summary, imprecise terms" which could confuse the jury and prejudice the defense, which is not an issue in the instant case.

      **B.**      **Plaintiff's Motion Invites the Jury to Speculate**

Plaintiff argues that she will present evidence of the medical care and treatment Plaintiff received, yet seeks to preclude evidence as to how much such treatment cost. Presenting evidence of the medical care Plaintiff received suggests to the jury that Plaintiff incurred medical expenses. If the jury is inclined to award Plaintiff her damages, the logical response to evidence of medical care would be to reimburse the Plaintiff for the cost of such care. Without evidence as to the cost of such care the jury would be left to speculate. Thus, Plaintiff's Motion seeks to invite the jury to speculate as to the cost of her medical treatment by allowing Plaintiff to present evidence of medical treatment to the jury, but precluding evidence of the cost of such care. There can only be one reason to pursue this strategy; to deceive the jury.

      **C.**      **Plaintiff's Motion Seeks to Unfairly Prejudice the Defense**

Plaintiff's Motion seeks to unfairly prejudice the defense by limiting the scope of cross-examination and preventing the jury from receiving a complete understanding of Plaintiff's alleged damages. It is fundamentally unfair to allow Plaintiff and her experts to testify as to medical treatment received by Plaintiff without allowing the defense to cross-examine Plaintiff or her experts regarding the cost of the treatment Plaintiff has received to date. Defendants should be permitted to contest Plaintiff's claim by demonstrating to the jury that Plaintiff's treatment and costs were

DeCARO, DORAN,
SICILIANO, GALLAGHER,
& DeBLASIS, LLP

17251 MELFORD BOULEVARD
SUITE 200
BOWIE, MD 20715
TELEPHONE: (301) 352-4950
FAX: (301) 352-8691

3050 CHAIN BRIDGE ROAD
SUITE 300
FAIRFAX, VIRGINIA 22030
TELEPHONE: (703) 255-6667
FAX: (703) 299-8548

limited. Therefore, Defendants are entitled to advise the jury of the amount of the medical bills incurred.

### III. Conclusion

Plaintiff seeks the assistance of this Court to deceive the jury in an ill attempt to obtain an unfair advantage. Plaintiff is not required to put on evidence of medical treatment in this matter. If Plaintiff does not want to enter into evidence any testimony or other evidence of the medical treatment that Plaintiff underwent, then the medical bills would in fact be irrelevant. There is absolutely no logical reason to grant Plaintiff's request herein.

WHEREFORE, the Defendants, Walmart Inc. and Walmart Stores East, LP, respectfully request that this Honorable Court deny Plaintiff's Motion *in Limine*.

Respectfully submitted,

DeCARO, DORAN, SICILIANO,
GALLAGHER & DeBLASIS, LLP

 */s/Christopher R. Dunn*
Christopher R. Dunn, #05278
17251 Melford Boulevard, Suite 200
Bowie, Maryland 20715
(301) 352-4950
Fax - (301)352-8691
Cdunn@decarodoran.com
Counsel for Defendants

DeCARO, DORAN,
SICILIANO, GALLAGHER,
& DeBLASIS, LLP
_____

17251 MELFORD BOULEVARD
SUITE 200
BOWIE, MD 20715
TELEPHONE: (301) 352-4950
FAX: (301) 352-8691
_____

3050 CHAIN BRIDGE ROAD
SUITE 300
FAIRFAX, VIRGINIA 22030
TELEPHONE: (703) 255-6667
FAX: (703) 299-8548

5

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 29th day of December, 2021, a copy of the foregoing Defendants' Opposition to Plaintiff's Motion *in Limine* was electronically filed and forwarded to:

Steven H. Heisler
Law Offices of Steven H. Heisler
1011 N. Calvert Street
Baltimore, Maryland 21202
Sheisler@injurylawyermd.com
Counsel for Plaintiff

                                                  */s/Christopher R. Dunn*
                                                  Christopher R. Dunn, #05278
                                                  Counsel for Defendants

DeCARO, DORAN,
SICILIANO, GALLAGHER,
& DeBLASIS, LLP
_____

17251 MELFORD BOULEVARD
SUITE 200
BOWIE, MD 20715
TELEPHONE: (301) 352-4950
FAX: (301) 352-8691
_____

3050 CHAIN BRIDGE ROAD
SUITE 300
FAIRFAX, VIRGINIA 22030
TELEPHONE: (703) 255-6667
FAX: (703) 299-8548